AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA Seth Schlessinger)    18-092

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>Dave Minnichelli<br><br>*Defendant(s)* | )<br>)<br>) Case No. 18-1331-m<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __12/28/16 - 8/17/18__ in the county of __Bucks__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251(d); 2251(e) | Conspiracy to Advertise Child Pornography. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Jackson, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/17/2018__

_____
*Judge's signature*

City and state: __Philadelphia, Pennsylvania__    Hon. David R. Strawbridge, U.S. Magistrate Judge
*Printed name and title*

18-1331-M

## AFFIDAVIT

I, Christopher Jackson, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed for over two (2) years. I am thus a "federal law enforcement officer," as defined by the Federal Rules of Criminal Procedure. I am currently assigned to the Philadelphia Field Office, in particular to a squad responsible for investigating crimes committed against children, including but not limited to child pornography offenses, in violation of chapter 110 of Title 18, of the United States Code. While employed by the FBI I have investigated federal criminal cases. I have gained experience through numerous hours of training at the FBI Academy, and through everyday work relating to conducting these types of investigations. I have participated in the execution of numerous search warrants for documents and other evidence, including computers and electronic media, in cases involving child pornography and the sexual exploitation of children.

2. This affidavit is being made in support of the issuance of the attached criminal complaint charging Dave MINNICHELLI with engaging in a conspiracy to advertise child pornography, in violation of Title 18, United States Code Section 2251(d) and (e).

3. The statements in this Affidavit are based in part on my investigation of this matter and in part on information provided to me by other law enforcement officers involved in the investigation. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause in support of issuance of the attached complaint, I have not included each and every fact known to me concerning this investigation, but rather only those facts that I respectfully submit are necessary in order to establish probable cause.

## STATUTORY AUTHORITY

4. Title 18, United States Code, Section 2251(d) prohibits any person from knowingly making, printing, or publishing any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct where such notice or advertisement is transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer.

## PROBABLE CAUSE

5. On or about May 23, 2017, an FBI online covert employee (OCE) was investigating the production of child pornography on the mobile app "live.me"[1] and browsed to a website called "8ch.net." On 8ch.net, the OCE observed a link to an URL permitting browser-based access to Service A, a computer-based communication service described further below. Next to the link was an image that depicted two females who appeared to be children wearing bikinis.

6. The OCE clicked on the above link and was re-directed to another URL to a website operated by Service A. This particular website was entitled "Service A-1," and the title was accompanied by a thumbnail image of two minor female children kissing each other.

7. Service A owns and operates a free-access all in one voice and text chat application and website with the same name that can be accessed over the web. A user creates a Service A

---

[1] Live.me is a social media platform for sharing, creating and viewing live streaming videos. Live.me users can stream live video from mobile platforms like Apple iOS or Google Android. Videos streamed from Live.me users can be viewed through the Live.me mobile applications or an internet browser.

account and can then communicate with other Service A users.

8. Service A users can exchange private messages between each other, participate in chat discussions, and voice chat. Service A users can also create chat rooms, which functions as message boards that can be accessed only by Service A users who have an invitation link. Service A-1, mentioned above, is one such chat room on Service A. Within these chat rooms, users can set up different sub-rooms wherein users can type written text, including links to files stored on external file-storage sites, and also upload files under a particular size limit, which can be viewed by all users of the sub-room. Service A users can share files larger than the limit allowed by providing hyperlinks to file sharing websites. Service A chat rooms can have one or more moderators. Moderators have the ability to manage other users, including but not limited to removing users from the chat rooms, elevating users hierarchically, and granting users additional permissions. The moderators of a chat room can categorize users of the chat rooms into hierarchical groups with customized labels and can configure those groups to give users in each group different levels of access.

9. The OCE's review of the Service A-1 chat room revealed that the vast majority of its content consisted of discussions about using web cameras and social-media applications to obtain sexually-explicit images and videos of minor children; images and videos of minor children exposing their vaginas, which at times were uploaded to the Service A-1 chat room and its sub-rooms; and links to download child pornography images and videos from external file-storage sites. Most of the children viewed by the OCE appeared to be approximately between the ages of 11 and 17 years old. The Service A-1 page also included some discussion of adults engaging in sexual activity via web camera. However, the majority of the activity focused on the depiction of minors engaged in sexually explicit activity on web cameras. For example, in the course of a

discussion in the one sub-room of Service A-1 regarding the merits of utilizing virtual private network (VPN) technology to mask users' IP address and identity, Username 1 commented on April 15, 2017: "Just the fact that we're all hanging in here, which is a chatroom where underaged sexual content is shared around is enough reason for one to get a VPN." Username 1 continued, stating: "Fuck when you download something from dropfile Your ISP can see what you downloaded What if govt authorities read ISPs logfiles."

10. Based on the OCE's undercover observations on Service A-1, a federal search warrant was issued, on or about July 10, 2017, by the Honorable David R. Strawbridge, United States Magistrate Judge, Eastern District of Pennsylvania, for content stored on Service A's servers related to Service A-1. In response to the search warrant, Service A disclosed to law enforcement officers IP address information for some users of Service A-1, the content of some text chats occurring on Service A-1, and some private messages sent by users of Service A-1.

11. The Service A-1 chat room was ultimately shut down by Service A. Members of the Service A-1 chat room proceeded to open additional similar chat rooms on Service A, including: Service A-2, Service A-3, Service A-4, and Service A-5. The OCE gained access to Service A-3, Service A-4, and Service A-5. The OCE observed each of these chat rooms contained many of the same users as Service A-1 and were operated for the purpose of discussing, obtaining, and distributing child exploitation material including child pornography files. Service A-5 is the only of the aforementioned Service A chat rooms that is still operating.

12. Based on the OCE's undercover observations on Service A-2, Service A-3, Service A-4, and Service A-5, a second federal search warrant was issued, on or about November 17, 2017, by the Honorable Linda K. Caracappa, Chief United States Magistrate Judge, Eastern District of Pennsylvania, for content stored on Service A's servers related to the aforementioned chat rooms.

In response to the search warrant, Service A disclosed to law enforcement officers IP address information for some users of those chat rooms, the content of certain text chats occurring in the chat rooms, and some private messages sent by users of those chat rooms.

13. The OCE observed a user of Service A-5 using the online name Username 4. On October 24, 2017, Username 4 posted the following on Service A-5:

> /#F!4BByGSZS![REMAINDER OF CHARACTERS REDACTED] *work in progress, things are still being queued to upload.. im going to let it going during work tomorrow and then figure out what to do from there.*
>
> *that being said, im sure a butt ton of you guys have everything thats there... its just my favorites... i willl finish posting the rest of the grace vids once i have time to remove any personal shit in them*
>
> *and for fucks sake im not tryinh to take any credit for anyone OC so if its yours and you want me to take it down let me know*

The series of characters posted on Service A-5 /#F!BByGSZS![REMAINDER OF CHARACTERS REDACTED] is a link to digital material stored on Mega, a digital cloud storage service based in New Zealand,. The OCE followed the link posted by Username 4, which led to hundreds of stored video and image files; over 346 were downloaded by the OCE. Over 100 of those video and image files depicted child pornography. Examples of these files include:

    a. An mp4 video file that was 20:26 in length and depicted a minor female who appeared to be under the age of twelve. The minor exposed her vagina to the camera.

    b. An mp4 video file that was 3:17 in length and depicted three minor female children who appeared to be under the age of twelve. One of the minor children exposed her breasts and vagina to the camera.

    c. A jpg image that depicted a minor female who appeared to be under the age of twelve. The minor exposed her vagina and inserted a marker into her

vagina.

14. Username 4 also made hundreds of other posts—including text chat and posting links—on Service A-1 and Service A-5 from at least December 2016 through January 2018. These include him requesting videos of certain girls by name and discussing the content of broadcasts and videos he watched—some of which included masturbation.

15. Records disclosed by Discord to law enforcement officers show that Username 4 accessed Discord servers using multiple IP addresses, including 96.252.53.114 on a single occasion (on November 18, 2017), and 73.29.123.236 on hundreds of occasions between July 28, 2017 and January 8, 2018. The FBI served a subpoena upon Verizon Internet Services and Comcast seeking subscriber information for these two IP addresses, and received a response on March 19, 2018. The Verizon records showed that the subscriber of IP address 96.252.53.114 was Mark Minnichelli at an address on Longfellow Drive in Flkn, MA. The Comcast records showed that the subscriber of IP address 73.29.123.236 was Dave MINNICHELLI, at an apartment located at 3 Academy Street in Califon, NJ 07830.

16. On August 17, 2018, a federal search warrant was executed at Dave MINNICHELLI's residence in the in Califon, New Jersey. MINNICHELLI was not present, but agents seized digital devices found in the residence. Law enforcement agents encountered evidence establishing that MINNICHELLI was Username 4, including but not limited to the following evidence recovered from MINNICHELLI's digital devices:

  a. Service A software was installed on MINNICHELLI's laptop

  b. Several videos that depict minors engaged in the lascivious exhibition of their genitals and/or masturbating and therefore constitute child pornography, and that were

distributed among the conspirators active on Service A, as evidenced by the OCE's downloads of those same videos from links and information posted by users of Service A.

      c.      Evidence of usage of the email account "[USERNAME 4]min@gmail.com"

      d.      A screen shot of a text message exchange occurring over an unidentified mobile messaging service between Username 4 and another user

      e.      The presence on MINNICHELLI's digital devices of a particular software tool used to download streamed videos of the type frequently depicting minor victims of the conspiracy described above

      f.      The presence on the digital devices of copies of personal documents belonging to MINNICHELLI, including his driver's license and Social Security card, among other documents.

17.      On August 18, 2018, Dave MINNICHELLI entered the United States through Newark Liberty International Airport. MINNICHELLI admitted that he lived at 3 Academy Street in Califon, NJ, and that he had Internet service at that address, but declined to make any further statement.

### VENUE

18.      The child exploitation conspiracy in which MINNICHELLI engaged, as described above, extended at all relevant times to the Eastern District of Pennsylvania. The conspiracy was open to members from anywhere in the world, and the child pornography material disseminated by the conspiracy was made available to any person able to access Service A, including from the Eastern District of Pennsylvania. The OCE's activities over the various Service A chat rooms comprising the conspiracy were conducted in the Eastern District of Pennsylvania. Finally, the investigation has revealed the participation of at least one member of the conspiracy who lived in

7

the Eastern District of Pennsylvania and participated in the conspiracy from the Eastern District of Pennsylvania, from as early as July 2016 until that member's arrest by federal authorities in February 2018.

## CONCLUSION

19. Based upon the information above, I respectfully submit that there is probable cause to believe that Dave MINNICHELLI has engaged in conspiracy to advertise child pornography, in violation of Title 18, United States Code Section 2251(d) and (e). I therefore respectfully request that the Court issue the attached complaint and warrant charging Dave MINNICHELLI with that offense.

Christopher Jackson
Special Agent, Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 17TH DAY
OF AUGUST, 2018.

HON. DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE